Samuel Paull, Respondent, *v.* American Railway Express Company, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1920.)

Contracts — action upon a settlement agreement — fraudulent representations — pleading.

In an action upon an agreement to pay a certain sum in consideration of the settlement of an action pending between the plaintiff and defendant herein, it is a defense that said agreement was induced by the false and fraudulent representations made by plaintiff to defendant.

Appeal from judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district.

Edgar R. Kraetzer, for appellant.

Jacob M. Zinaman, for respondent.

Wagner, J. The facts in this case are not disputed. The plaintiff's complaint avers that the parties entered into an agreement, whereby they agreed to settle a certain action pending between them in the Municipal Court in consideration whereof the defend-

ant agreed to pay plaintiff the sum of $109. That defendant subsequently refused to carry out said agreement, or pay said sum. The defendant admitted the making of this agreement by not denying it in its answer, but set up as a defense that it was induced to enter into such agreement by a false and fraudulent representation made by the plaintiff.

It appears that this plaintiff began a prior action in the Municipal Court against this defendant. In the complaint in that action the plaintiff set up that he had shipped some furs which he had received for repairing to one Mrs. Kraft at Wheeling, W. Va., on or about November 6, 1916; that such shipment was made with directions to defendant to collect the sum of $100 upon delivery; that defendant did not collect said sum and plaintiff claimed therein $100 damages. The defendant denied the allegation of the complaint. The case did not go to trial, but the agreement of settlement set up in the complaint was entered into, and the plaintiff discontinued his action. At the time the agreement of settlement was entered into the defendant had been presented with a claim by the consignee of the furs, and was liable to the consignee by reason of their loss but had no knowledge or information as to how the consignor had shipped them. He was liable to the extent of the full value of the shipment only in the event that the shipment was C. O. D. $100. Claiming to have ascertained after the agreement of settlement was made that the goods had not been shipped C. O. D. it refused to pay said sum and, as before stated, set up the defense of fraud on the part of the plaintiff, in making the representation aforesaid, to induce the defendant to enter into the settlement agreement. Upon the trial in the present action, the defendant offered to prove that the statements of plaintiff set up in the complaint in the first action,

Appellate Term, First Department, February, 1920.   [Vol. 110.

namely, that the goods were shipped C. O. D. $100, were false and untrue and known so to be by him when the settlement agreement was made.  The court below refused to allow the defendant to offer any proof upon that question, holding that defendant was precluded by the agreement of settlement from raising the question of fraud in its making.

In this the court was in error.  Of course had the defendant sought to interpose the same defense in this action as it set up in the former action, or any other defenses which could have been litigated in the former action which involved the merits of the plaintiff's claim, it would be precluded by the settlement agreement from raising the same questions in this action.  But the question of the fraudulent statements of the defendant were not, and could not have been made a material issue in the former action.  It was of no importance in that action whether the plaintiff made his claim fraudulently or not for the reason that the only issue to be tried therein was the manner in which the goods were sent.  The present action is upon an entirely different contract, and the contention that the defendant was induced to enter into it, upon a faith and belief in the truth of plaintiff's statement that the goods were actually shipped C. O. D. $100, and that such statement was untrue and known so to be by plaintiff, if sustained is a perfect defense to its enforcement.  Fraud in the procurement of a contract renders it voidable and such a contract cannot be enforced.

Guy and Bijur, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.